Daniel J. Morse (WY Bar # 7-4770)
UNITED STATES DEPARTMENT OF JUSTICE
Office of the United States Trustee
308 West 21st Street, Room 203
Cheyenne, WY 82001
(307) 772-2793
Email: Daniel.J.Morse@USDOJ.GOV

Attorney for Patrick S. Layng, United States Trustee

# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Mark and Margaret Knickerbocker, | ) | Case No. 17-20172 |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| PATRICK S. LAYNG, | ) | |
| United States Trustee for Region 19 | ) | Adv. Pro. 17- _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mark and Margaret Knickerbocker, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT SEEKING TO DENY DEBTORS' DISCHARGE

The United States Trustee, through counsel, files this complaint seeking a determination that Mark and Margaret Knickerbocker, (the "**Debtors**"), are ineligible for a discharge pursuant to 11 U.S.C. § 727(a)(2) and (4) and Fed. R. Bankr. P. 4004, and states and alleges as follows:

1

**Jurisdictional Allegations**

1. The United States District Court for the District of Wyoming has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. § 1334 because this matter arises in and is related to a case filed under title 11 of the United States Code.

2. This matter arises in the bankruptcy case of Mark and Margaret Knickerbocker under 11 U.S.C. § 727(a) and Fed. R. Bankr. P. 4004.

3. The United States Bankruptcy Court for the District of Wyoming has jurisdiction to hear and decide this matter pursuant to 28 U.S.C. § 157 and the general order of referral of the United States District Court for the District of Wyoming to the United States Bankruptcy Court for the District of Wyoming of bankruptcy cases and matters arising in or related to bankruptcy cases.

4. This matter at bar is a "core matter" pursuant to 28 U.S.C. § 157(b)(2)(J) because it is an objection to a discharge of a debtor.

5. The United States Trustee consents to the entry of a final judgment and order by the United States Bankruptcy Court for the District of Wyoming.

**Venue**

6. Venue of this matter is proper, pursuant to 28 U.S.C. § 1409(a), in the United States Bankruptcy Court for the District of Wyoming because the Debtors filed a voluntary case under title 11 of the United States Code in the District of Wyoming and this matter arises in and is related to that case under title 11 of the United States Code.

**Standing**

7. The Plaintiff is the United States Trustee for Region 19, and files this matter pursuant to his statutory duties under 28 U.S.C. § 586(a). He has standing to bring this complaint pursuant to 11 U.S.C. §§ 307 and 727(a).

**General Factual Allegations**

8. The Debtors filed a voluntary petition in bankruptcy under Chapter 7 of title 11 of the United States Code, on March 21, 2017. This petition was filed in the United States Bankruptcy Court for the District of Wyoming and was assigned Case number 17-20172.

9. Tracy Zubrod, Esq. was appointed as the interim Chapter 7 trustee in the case.

10. Debtors filed their Schedules on March 21, 2017 and signed those documents under penalty of perjury. On their Schedules, Debtors did not list Debtor Margaret Knickerbocker's ownership interest in Siel Family LTD in response to Question 19 on Schedule B.

11. Upon information and belief, the Siel Family LTD contained closely held securities valued at $408,000 as of August 2, 2000.

**Claim 1 - Denial of Discharge — Fraudulent Concealment 11 U.S.C. § 727(a)(2)**

12. The allegations in paragraphs 1 through 11 are incorporated herein by this reference as though fully set forth herein.

13. The omission of Debtor Margaret Knickerbocker's ownership interest in Siel Family LTD is material because it is an asset which the Chapter 7 Trustee can administer.

14. The Debtors' failure to list Debtor Margaret Knickerbocker's ownership interest in Siel Family LTD was a misrepresentation and/or omission of a material fact by the Debtors.

15. The Debtors have concealed Debtor Margaret Knickerbocker's ownership interest in Siel Family LTD by their failure to disclose such asset in Schedule B and testimony at their 341 meeting of creditors.

16. The Debtors' concealment was done knowingly and fraudulently before and after the Petition Date.

17. The Debtors willingly, knowingly and fraudulently omitted these transfers with an intent to hinder, delay or defraud the Chapter 7 Trustee.

18. This states cause for the denial of the Debtor's discharge under 11 U.S.C. § 727(a)(2)(A) and (B).

**Claim 2 — Denial of Discharge ----- False Oath and Account— 11 U.S.C. § 727(a)(4)**

19. The allegations in paragraphs 1 through 18 are incorporated herein by this reference as though fully set forth herein.

20. The Debtors signed their Schedules under penalty of perjury. See Schedules (Docket No. 1, at p. 6 of 67).

21. The failure to disclose Debtor Margaret Knickerbocker's interest in Siel Family LTD in Schedule B was an omission of a material fact.

22. The Debtors' testimony at their meeting of creditors held pursuant to 11 U.S.C. § 341, ("**341 Meeting**"), was provided by the Debtors after they were administered an oath.

23. The Debtors' 341 Meeting testimony was given under penalty of perjury.

24. The Debtor's 341 Meeting testimony affirming the accuracy and completeness of their Petition, SOFA and Schedules was false because they knew of Debtor Margaret Knickerbocker's interest in Siel Family LTD and failed to advise the Chapter 7 Trustee of this material omission and/or errors in their Schedule B.

25. The failure to disclose Debtor Margaret Knickerbocker's interest in Siel Family LTD was an omission of a material fact.

26. The Debtors' failure to advise the Chapter 7 Trustee of Debtor Margaret Knickerbocker's interest in Siel Family LTD was done knowingly and/or with reckless disregard for the truth of his testimony.

27. This states cause for the denial of the Debtor's discharge under 11 U.S.C. § 727(a)(4)(A).

WHEREFORE, the United States Trustee prays this Court deny the Debtor a discharge under 11 U.S.C. § 727(a)(2) and (4) and grant him such other and further relief as may be just and proper under the circumstances.

Dated: June 6, 2017.        Respectfully submitted,

>                PATRICK S. LAYNG
>                UNITED STATES TRUSTEE
>                REGION 19
>
>                 /s/ Daniel Morse
>                By: Daniel J. Morse
>                Assistant U.S. Trustee, District of Wyoming
>                308 West 21st Street, Room 203
>                Cheyenne, WY 82001
>                Direct Line: 307-772-2793