Ken McCartney  (WY Bar # 5-1335)
The Law Offices of Ken McCartney P.C.
PO Box 1364
1401 Airport Parkway Ste. 200
Cheyenne, WY 82003
Phn (307) 635-0555
Fax (307) 635-0585
Email: bnkrpcyrep@aol.com

# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Mark and Margaret Knickerbocker, | ) | Case No. 17-20172 |
| | ) | |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| PATRICK S. LAYNG, | ) | |
| United States Trustee for Region 19 | ) | Adv. Pro. 17-02018 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mark and Margaret Knickerbocker, | ) | |
| | ) | |
| Defendants. | ) | |

_____

# A N S W E R
_____

COMES NOW the Debtors/Defendants named above by counsel, Ken McCartney of The Law Offices of Ken McCartney, P.C. and in response to the Complaint of the US Trustee Answer as follows:

## Jurisdictional Allegations

1. The Debtors/Defendants admit the allegations in paragraph number one of the Complaint.

2. The Debtors/Defendants admit the allegations in paragraph number two of the Complaint.

3. The Debtors/Defendants admit the allegations in paragraph number three of the Complaint.

4. The Debtors/Defendants admit the allegations in paragraph number four of the Complaint.

5. The Debtors/Defendants admit the allegations in paragraph number five of the Complaint, and joins the Plaintiff consenting to entry of a final judgment and order by the United States Bankruptcy Court for the District of Wyoming

## Venue

6. The Debtors/Defendants admit the allegations in paragraph number six of the Complaint.

## Standing

7. The Debtors/Defendants admit the allegations in paragraph number seven of the Complaint.

## General Factual Allrgations

8. The Debtors/Defendants admit the allegations in paragraph number eight of the Complaint.

9. The Debtors/Defendants admit the allegations in paragraph number nine of the Complaint.

10. The Debtors/Defendants admit the allegations in paragraph number 10 of the Complaint, and **AFFIRMATIVELY ALLEGES** Debtor/Defendant Mark Knickerbocker provided counsel the information with which to prepare schedules and he knew absolutely nothing about the Seil Family LTD. Debtor/Defendant Margaret Knickerbocker was aware of the limited partnership but is of the opinion that it was valueless to her, being mostly a life estate charged with supporting her mother in a long term care facility managed by one of her sisters who 1), provides not accountings whatsoever to Margaret, and 2) to the best of Margaret's understanding the managing sister is to receive the first $500,000 in distribution from the limited partnership when her mother passes away. The Debtors/Defendants will amend and add the partnership to schedule B at paragraph number 32 if Margret's mother passes away before September 3, 2017, as the liquidation value would then have meaning.

11. The Debtors/Defendants have no idea where the Plaintiff obtained an "information and belief" about the limited partnership's assets in the year 2000 and therefore deny paragraph number 11 of the Complaint. A relevancy objection is probably called for here. The Debtors/Defendants **AFFIRMATIVELY ALLEGE** that the limited partnership is declining in value and being consumed by Margaert's elderly mother who resides in a long term care facility.

**Claim 1 – Denial of Discharge – Fraudulent Concealment 11 U.S. C. §727(a)(2)**

12. The Debtors/Defendants respond to paragraphs 1 through 12 as before.

13. The Debtors/Defendants deny paragraph number 13 of the Complaint, and **AFFIRMATIVELY ALLEGE** a clearly minority interest in a closely held Wyoming Limited Liability Company, subject to a life estate, and unfettered consumption controlled by a hostile sister, who's priority upon distribution probably exceeds asset value of the limited partnership, has no value to a Chapter 7 Trustee.  Under Wyoming Law the limited partnership interest cannot be assailed by a third party creditor.  The Chapter 7 Trustee is entitled <u>exclusively,</u> to the equivalent of a charging order under W.S. § 17-29-503. The Trustee's interest is limited to interrupting distributions to the Debtor/Defendant Margaret Knickerbocker.  There have been no distributions, only small losses that pass through to Margret and Mark Knickerbockers' form 1040 annually since inception.

14. The Debtors/Defendants deny paragraph number 14 of the Complaint not acknowledging value in the interest which the Debtors/Defendant do not deny should have been disclosed. The Debtors/Defendants **AFFIRMATIVELY ALLEGE** that there is no allegation of an intent on their part to omit the disclosure of a valuable property right as there was absolutely no intent on the part of either Debtor to do so.

15. The Debtors/Defendants deny paragraph number 15 of the Complaint and they **AFFIRMATIVELY ALLEGE** that the US Trustee would not know about the property right in question if the Debtors/Defendants had not provided him documentation demonstrating its existence. The Debtors/Defendants assume it was from the copies of their federal tax returns that the Seil Family LTD interest became apparent.  Had there

been any intent to conceal whatsoever, whiting out one more line on the tax return would have constituted a real concealment.

16.     The Debtors/Defendants deny paragraph number 16 of the Complaint, the Debtors/Defendants **AFFIRMATIVELY ALLEGE** that this accusation is completely unsupported by the facts and available evidence.

17.     The Debtors/Defendants deny paragraph number 17 of the Complaint, not being aware of any transfers involved.

18.     The Debtors/Defendants deny paragraph number 18 of the Complaint.

### Claim 2 –Denial of Discharge ----False Oath and Acount—11 U.S. C. §727(a)(4)

19. The Debtors/Defendants respond to paragraphs 1 through 19 as before.

20. The Debtors/Defendants admit the allegations in paragraph number 20 of the Complaint.

21.     The Debtors/Defendants deny paragraph number 21 of the Complaint, and **AFFIRMATIVELY ALLEGE** that by disclosing the existence of the limited partnership in their tax returns no omission incurred, certainly not with intent.

22. The Debtors/Defendants admit the allegations in paragraph number 22 of the Complaint.

23. The Debtors/Defendants admit the allegations in paragraph number 23 of the Complaint.

24. The Debtors/Defendants admit the allegations in paragraph number 24 of the Complaint.

25.     The Debtors/Defendants deny paragraph number 25 of the Complaint, the Debtors/Defendants **AFFIRMATIVELY ALLEGE** that if asked they would have told everything they know about the limited partnership.  They were not asked.  The same tax returns the US Trustee is operating from were given the Chapter 7 Trustee two weeks prior to the 341 meeting.

26. The Debtors/Defendants deny paragraph number 26 of the Complaint, and the Debtors /Defendants **AFFIRMATIVELY ALLEGE** the error incurred entirely without intent on their part.

27. The Debtors/Defendants deny paragraph number 27 of the Complaint.

28. The Debtors/Defendants deny each and every other allegation of the Complaint.

WHEREFORE the Debtors/Defendants prays the Plaintiff take nothing by his Complaint.

Dated: June 29th, 2017.

>Respectfully submitted
>For the Debtor/Defendant
>By:
>
>
>/s/ Ken McCartney
>Ken McCartney, Wyo. Bar # 5-1335
>The Law Offices of Ken McCartney P.C.
>PO Box 1364
>1401 Airport Parkway Ste. 200
>Cheyenne, WY 82001
>Phn (307) 635-0555
>Fax (307) 635-0585
>Email: bnkrpcyrep@aol.com

CERTIFICATE OF SERVICE

    The undersigned caused a true and correct copy of the forgoing ANSWER to be served electronically on the following this 29th day of June, 2017.

Danial Morse
Deputy US Trustee

Tracy Zubrod
Chapter 7 Trustee

                /s/ Ken McCartney